UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| TASHA SMITH, | ) | Civil Action No.: |
| Plaintiff, | ) | |
| vs. | ) | |
| I.C. SYSTEM, INC., | ) | COMPLAINT & DEMAND FOR JURY TRIAL |
| Defendant. | ) | |

**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

Plaintiff Tasha Smith ("Plaintiff") brings this action against Defendant I.C. System, Inc. ("Defendant" or "I.C. System") on an individual basis, and alleges based upon Plaintiff's personal knowledge, the investigation of counsel, and upon information and belief, as follows:

**PRELIMINARY STATEMENT**

1. In 1977 Congress enacted Title 15 of the United States Code § 1692 *et seq.*, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA") in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id*. Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "ensure that those debt collectors who refrain from using

abusive debt collection practices are not competitively disadvantaged." *Id*.; § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress gave consumers a private cause of action against debt collectors who failed to comply with the Act. *Id*.; § 1692k.

3. In determining whether a collection letter violates the FDCPA, courts in the Eleventh Circuit apply the "least sophisticated consumer standard." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010). The standard takes into account that consumer protection laws are not made for the protection of experts, but for the public, which includes the credulous and the naïve.

4. Under the least sophisticated consumer standard, a collection letter may violate the FDCPA if a communication constitutes a deceptive means to collect an alleged debt. For instance, communicating information which is known, or which should be known, to be false, including the failure to communicate that a disputed debt is disputed. 15 U.S.C. § 1692e(8).

5. The FDCPA does not ordinarily require proof of an intentional violation, and is considered a strict liability statute, whereby a single violation is sufficient to establish civil liability against the debt collector.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this action under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

8. Plaintiff is a natural person and a resident of Orlando, Florida.

9. Plaintiff is a "Consumer" as defined by 15 U.S.C. § 1692(a)(3).

10. Upon information and belief, Defendant's principal place of business is located at

444 Highway 96 E, Saint Paul, Minnesota 55127-2557.

11. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile, and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

12. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

13. Some time prior to April 30, 2020 a purported debt of $448.00 (the "Debt") was incurred to Spectrum.

14. The alleged debt of $448.00 purportedly owed to Spectrum is a consumer debt arising out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

15. The alleged Spectrum obligation is a "debt" as defined by 15 U.S.C.§1692a(5).

16. The Debt went into default and was upon information and belief was placed for collection on April 30, 2020.

17. On June 29, 2020 Plaintiff mailed a written dispute of the Debt to Defendant's Minnesota address.

18. The letter disputed the balance of $448.00 allegedly owed to Spectrum and requested validation pursuant to 15 U.S.C.§1692g.

19. The letter was delivered to Defendant on July 7, 2020.

20. On June 29, 2020, Plaintiff mailed a letter disputing the Debt to Experian Information Solutions, Inc. ("Experian"), a nationwide credit reporting agency.

21. The letter was delivered to Experian on July 6, 2020.

22. Upon information and belief, in response to Plaintiff's dispute letter and as required

by statute, Experian notified Defendant of Plaintiff's dispute. Nevertheless, Defendant continued to report the disputed information without updating the account as necessary to reflect the existence of the dispute.

23. On September 17, 2020, Plaintiff obtained and reviewed a copy of her consumer background report issued by Experian. The Experian report showed that Defendant had sent an electronic update on the account to Experian on September 13, 2020, continuing to report the Debt allegedly owed and failing to note that the Debt was disputed.

24. On November 10, 2020, Plaintiff once again obtained a reviewed a copy of her consumer background report issued by Experian. The report showed that Defendant had furnished an electronic update on the account on October 18, 2020. Again, Defendant failed to note or otherwise communicate that Plaintiff had disputed the account.

25. Defendant's failure to mark, or cause to be marked, the collection account as disputed was material because this impaired Plaintiff's credit rating and her ability to obtain additional credit.

26. Moreover, the failure to mark a disputed debt as disputed would cause the least sophisticated consumer to become confused and uncertain about their right to dispute a debt, and the benefits of doing so.

27. Defendant, by continuing to report the Debt to Experian and failing to indicate it was disputed, communicated information which Defendant knew or should have known to be false, constituting false, deceptive and misleading means to collect the Debt.

28. Plaintiff brings this action to recover, *inter alia*, statutory damages, pre-judgment and post-judgment interest, and reasonable attorneys' fees and expenses for injuries suffered because of Defendant's misconduct. Defendant's erroneous reporting of disputed information

without marking such information as disputed or updating the account as necessary on Plaintiff's consumer background reports continues to affect Plaintiff's credit worthiness and credit score.

29. As a result of Defendant's misconduct, Plaintiff has suffered a decreased credit score, the loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

30. Accordingly, Plaintiff is entitled to damages.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e *et seq*.

31. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

32. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

33. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

34. Pursuant to 15 U.S.C. § 1692e(8), a debt collector is prohibited from "communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including failure to communicate that a disputed debt is disputed."

35. Defendant furnished information regarding Plaintiff's account to a third party without communicating the existence of a dispute and Plaintiff was harmed as a result.

36. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated § 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a)   Awarding Plaintiff statutory damages;

(b)   Awarding Plaintiff actual damages;

(c)   Awarding Plaintiff costs of this action, including reasonable attorneys' fees and expenses;

(d)   Awarding pre-judgment interest and post-judgment interest; and

(e)   Awarding Plaintiff such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury.

DATED:  November 25, 2020

**COHEN & MIZRAHI LLP**
YOSEF STEINMETZ
Florida Bar No. 119968

/s/ Yosef Steinmetz
YOSEF STEINMETZ

300 Cadman Plaza West, 12th Floor
Brooklyn, NY  11201
Telephone:  929/575-4175
929/575-4195 (fax)
yosef@cml.legal

*Attorneys for Plaintiff*

6